{¶ 14} O'Brien v. O'Brien is not applicable as the trial court here reheard the whole matter. The trial court had an evidentiary hearing where the entire merits of the case were heard again. Although the trial court speaks in terms of modifying the magistrate's decision, the trial court actually rules on the case anew. Appellant does not assign error to the alleged lack of ruling on objections, nor has appellee cross-appealed. In O'Brien, this was a specific assignment of error. We do not have a duty to nor should we sua sponte raise every potential error not assigned by the parties.
 {¶ 15} I would address Appellant's third assignment of error and reverse the trial court here. Appellant is merely a conduit for the payment of child support. No evidence was presented that it has retained any of Mr. and Mrs. Huffman's funds. What the trial court has, in essence done, is require the taxpayers to pay back Mr. Huffman's overpayments. I can find no legal authority for this proposition.
 {¶ 16} Furthermore, neither party asked the trial court or this Court for the relief each has granted. I respectfully dissent.